**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL URIBE MORAN, | No. 11-71966 |
| Petitioner, | |
| v. | Agency No. A070-776-188 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013**

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Miguel Angel Uribe Moran, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum, and

withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d

1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for

review.

Substantial evidence supports the BIA's conclusion that Uribe Moran is not

eligible for asylum based on having been assaulted by men who wanted

information to help them rob the bank where he worked, *see Gormley v. Ashcroft,*

364 F.3d 1172, 1177 (9th Cir. 2004) ("[r]andom, isolated criminal acts perpetrated

by anonymous thieves do not establish persecution"), or based on his having

inadvertently seen a letter sent to his boss by the Shining Path, *see Bahgdasaryan v*

*Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (to show past persecution, asylum

applicant must establish that harm rises to the level of persecution, has a nexus to a

protected ground, and was done by the government or forces the government is

unable or unwilling to control). Further, substantial evidence supports the BIA's

finding that Uribe Moran failed to establish his fear of future harm was objectively

reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility

of future persecution too speculative). We lack jurisdiction to consider Uribe

Moran's contention that his family was not similarly situated, because he failed to

raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.

2004) (no jurisdiction to review claims not exhausted before the BIA). Thus, Uribe Moran's asylum claim fails.

Because Uribe Moran has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**